Andrew S. Friedman (005425)
Kimberly C. Page (022631)
**BONNETT FAIRBOURN FRIEDMAN
 & BALINT, PC**
2325 East Camelback Road, Suite 300
Phoenix, AZ 85016
Telephone: (602) 274-1100
afriedman@bffb.com
kpage@bffb.com

*Proposed Liaison Counsel for the Class*

[Additional Counsel appear on signature page.]

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| City of Pontiac General Employees' Retirement System, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>First Solar, Inc.; Mark Widmar; Alexander R. Bradley; and Georges Antoun,<br><br>Defendants. | No. CV-22-00036-PHX-MTL<br><br>**MOTION OF PALM HARBOR SPECIAL FIRE CONTROL & RESCUE DISTRICT FIREFIGHTERS' PENSION PLAN AND GREATER PENNSYLVANIA CARPENTERS' PENSION FUND FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |

# **TABLE OF CONTENTS**

Page

MEMORANDUM OF POINTS AND AUTHORITIES ...................................................... 1
I. PRELIMINARY STATEMENT ............................................................................... 1
II. SUMMARY OF THE ACTION ................................................................................ 2
III. ARGUMENT .............................................................................................................. 4
    A. The Pension Funds Should Be Appointed Lead Plaintiff ............................. 4
        1. The Pension Funds' Motion Is Timely ............................................... 5
        2. The Pension Funds Have the Largest Financial Interest .................... 5
        3. The Pension Funds Satisfy the Requirements of Rule 23 .................. 6
            a. The Pension Funds' Claims Are Typical ................................ 6
            b. The Pension Funds Are Adequate ........................................... 7
    B. The Court Should Approve the Pension Funds' Selection
       of Counsel .................................................................................................. 10
IV. CONCLUSION ........................................................................................................ 12

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Cavanaugh v. U.S. Dist. Ct. for the N. Dist. of Cal.*,
    306 F.3d 726 (9th Cir. 2002) ............................................................................... *passim*

*Cohen v. U.S. Dist. Ct. for the N. Dist. of Cal.*,
    586 F.3d 703 (9th Cir. 2009) ....................................................................................... 10

*Lomingkit v. Apollo Educ. Grp. Inc.*,
    No. CV-16-00689-PHX-DLR,
    2016 WL 3345514 (D. Ariz. June 16, 2016) ............................................................. 6, 7

*Mersho v. U.S. Dist. Ct. for the D. of Ariz.*,
    6 F.4th 891 (9th Cir. 2021) ........................................................................................ 8, 9

*Sved v. Matrixx Initiatives, Inc.*,
    Nos. CIV-04-0886-PHX-MHM, *et al.*,
    2005 WL 8158448 (D. Ariz. Jan. 18, 2005) .................................................................. 9

**Statutes**

15 U.S.C. § 78u-4(a) ............................................................................................... *passim*

**Other Authorities**

Fed. R. Civ. P. 23(a) ...................................................................................................... 6, 7

H.R. Rep. No. 104-369 (1995),
    *reprinted in* 1995 U.S.C.C.A.N. 730. ........................................................................... 9

Putative class members Palm Harbor Special Fire Control & Rescue District Firefighters' Pension Plan ("Palm Harbor") and Greater Pennsylvania Carpenters' Pension Fund ("GPCPF") (collectively, the "Pension Funds") hereby move this Court for entry of an Order for: (1) appointment as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B); (2) approval of their selection of Kessler Topaz Meltzer & Check, LLP ("Kessler Topaz") and Labaton Sucharow LLP ("Labaton Sucharow") as Lead Counsel for the class, and Bonnett Fairbourn Friedman & Balint, PC ("Bonnett Fairbourn") as Liaison Counsel for the class; and (3) such other and further relief as the Court may deem just and proper.

In support of this Motion, the Pension Funds submit herewith the following Memorandum of Points and Authorities, the Declaration of Andrew S. Friedman (the "Friedman Decl.") and exhibits attached thereto, and such other written or oral argument as may be permitted by the Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. PRELIMINARY STATEMENT

The above-captioned action is a securities class action (the "Action") brought under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b), and 78t(a), against First Solar, Inc. ("First Solar" or the "Company") and certain of the Company's executive officers (collectively, "Defendants"). The Action is brought on behalf of purchasers of First Solar common stock between February 22, 2019, and February 20, 2020 (the "Class Period").

The PSLRA allows any member or group of members of the purported class to move for appointment as lead plaintiff and sets forth the process for determining which movant or movant group is the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(A)-(B); *Cavanaugh v. U.S. Dist. Ct. for the N. Dist. of Cal.*, 306 F.3d 726, 729-30 (9th Cir. 2002). Under the PSLRA, the Court must appoint as lead plaintiff the movant or movant group that: (1) makes a timely motion under the PSLRA's sixty-day deadline; (2) asserts the

1

largest financial interest in the litigation; and (3) otherwise satisfies the relevant requirements of Federal Rule of Civil Procedure 23 ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The Pension Funds respectfully submit that they are the presumptive "most adequate plaintiff" under the PSLRA and should be appointed as Lead Plaintiff. The Pension Funds' Motion is timely and their losses of approximately $287,008 in connection with their transactions in First Solar common stock during the Class Period represent the largest known financial interest in the relief sought by the class. *See* Friedman Decl., Exs. A & B. In addition to asserting the largest financial interest, the Pension Funds easily satisfy the relevant requirements of Rule 23 because their claims are typical of all members of the class and because they will fairly and adequately represent the class. Moreover, as set forth in their Joint Declaration, the Pension Funds each fully understand the Lead Plaintiff's obligations to the class under the PSLRA, and are willing and able to undertake those responsibilities to guarantee vigorous prosecution of this litigation. *See* Friedman Decl., Ex. C.

Lastly, the Pension Funds have retained experienced and competent counsel to represent the class. As the "most adequate plaintiff" under the PSLRA, the Pension Funds' selection of Kessler Topaz and Labaton Sucharow as Lead Counsel for the class and Bonnett Fairbourn as Liaison Counsel for the class should be approved. 15 U.S.C. § 78u-4(a)(3)(B)(v); *Cavanaugh*, 306 F.3d at 734 ("[T]he [PSLRA] clearly leaves the choice of class counsel in the hands of the lead plaintiff." (citations omitted)). Kessler Topaz and Labaton Sucharow have extensive histories of prosecuting complex actions under the PSLRA. Thus, the class can be assured of zealous representation if the Pension Funds' selection of Lead Counsel is approved.

## II.    SUMMARY OF THE ACTION

First Solar, a Delaware corporation with principal executive offices in Tempe, Arizona, is a solar energy company that, among other things, manufactures photovoltaic

2

("PV") solar modules. In 2017, prior to the start of the Class Period, First Solar announced the commercial launch of its Series 6 PV module, which was "expected to enter the commercial market with a power rating of 420-445 watts and conversion efficiency of over 17 percent."

This Action alleges that, during the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts, about the Company's business, operations, and prospects. Specifically, Defendants misrepresented and/or failed to disclose that: (1) First Solar's Series 6 module was grossly underperforming and was unable to hit its wattage targets; (2) when the units installed at the Company's Project Development sites were unable to produce the contractually mandated wattage target, more units needed to be installed—an additional cost borne by First Solar; (3) First Solar improperly booked the costs of the additional units to its Systems segment rather than its Modules segment; and (4) as a result of the foregoing, Defendants' positive statements about First Solar's business, operations, and prospects were materially false and misleading and/or lacked a reasonable basis.

Investors began to learn the truth on January 15, 2020, when Barclays Capital Inc. ("Barclays") downgraded the Company. After analyzing extensive industry data in the Bloomberg New Energy Finance database and corroborating the Company's own data points on operational and pipeline projects, Barclays determined that First Solar "has simply been unable to compete on cost" and "has seemingly been, in large part, priced-out of the U.S. downstream solar market." On this news, the price of Company stock declined $4.03 per share, or nearly 7%, from a close of $58.78 per share on January 14, 2020, to close at $54.75 per share on January 15, 2020.

Less than one month later, on February 6, 2020, Barclays issued another report opining that, in order to regain lost market share, First Solar was "bidding more aggressively, leading to lower [contract] prices, and finally cutting into margins." On this

news, the price of Company stock declined $0.45 per share, from a close of $53.10 per share on February 5, 2020, to close at $52.65 per share on February 6, 2020.

Then, after the market closed on February 20, 2020, First Solar disclosed that the Company was exploring a potential sale of its Project Development business. On an earnings conference call that day, Defendants further revealed that the Company had "purposely moved away from giving discrete cost per watt" for its Series 6 units, because customers "start[ed] to hold [the Company] accountable to a cost-plus model." Following these disclosures, the price of Company stock declined $8.73 per share, or nearly 15%, from a close of $59.32 per share on February 20, 2020, to close at $50.59 per share on February 21, 2020.

## III.  ARGUMENT

### A.  The Pension Funds Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for selecting a lead plaintiff in a class action lawsuit asserting claims under the federal securities laws. 15 U.S.C. § 78u-4(a)(1)-(3)(B)(i).

First, a plaintiff who files the initial action must publish a notice to the class within twenty days of filing the action informing class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the purported class period; and (4) the right to move the court to be appointed as lead plaintiff within sixty days of the publication of the notice. *Id*. § 78u-4(a)(3)(A)(i). Within sixty days after publication of the notice, any member or group of members of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. *See id*. § 78u-4(a)(3)(A)(i)(II)

Second, the PSLRA provides that within ninety days after publication of the notice, the court shall consider any motion made by a class member or group of class members and shall appoint as lead plaintiff the movant or movant group that the court determines to be most capable of adequately representing the interests of class members. *See id*. § 78u-

4(a)(3)(B)(i).  In selecting the "most adequate plaintiff," the PSLRA provides that "the court shall adopt a presumption that the most adequate plaintiff in any private action arising" under the PSLRA is the movant or movant group that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
> 
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> 
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id*. § 78u-4(a)(3)(B)(iii)(I); *see also Cavanaugh*, 306 F.3d at 729 ("The [PSLRA] provides a simple . . . process for identifying the lead plaintiff pursuant to these criteria.").

Here, the Pension Funds are the "most adequate plaintiff" because they: (1) timely moved for appointment as Lead Plaintiff; (2) possess the "largest financial interest in the relief sought by the class"; and (3) "otherwise satisf[y] the requirements of Rule 23" for purposes of this Motion.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

### 1. The Pension Funds' Motion Is Timely

The PSLRA allows any class member or group of class members to move for appointment as lead plaintiff within sixty days of the publication of notice that the first action has been filed.  *See id*. § 78u-4(a)(3)(A)(i)(II).  Here, in connection with the filing of the Action by Kessler Topaz (the Pension Funds' proposed Lead Counsel), notice was published in *Business Wire* on January 7, 2022, alerting investors to the pendency of the Action and informing them of the March 8, 2022 deadline to seek appointment as Lead Plaintiff.  *See* Friedman Decl., Ex. D.  Accordingly, the Pension Funds have timely moved for appointment as Lead Plaintiff.

### 2. The Pension Funds Have the Largest Financial Interest

The PSLRA presumes that the movant or movant group asserting the largest financial interest in the relief sought by the class and who otherwise satisfies the requirements of Rule 23 is the most adequate plaintiff.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also Cavanaugh*, 306 F.3d at 729-32.  Here, the Pension Funds suffered losses of

approximately $287,008 in connection with their Class Period transactions in First Solar common stock. *See* Friedman Decl., Exs. A & B. To the best of the Pension Funds' knowledge, there are no other lead plaintiff movants asserting a larger financial interest in this litigation. Accordingly, the Pension Funds have the largest financial interest of any qualified movant or movant group seeking Lead Plaintiff status and are the presumptive "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

### 3. The Pension Funds Satisfy the Requirements of Rule 23

In addition to possessing the largest financial interest in the relief sought by the class, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure" in order to trigger the presumption of adequacy. *See id*. § 78u-4(a)(3)(B)(iii)(I)(cc).

Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). However, at this stage of litigation, a presumptive lead plaintiff need only make "a prima facie showing of typicality and adequacy." *Cavanaugh*, 306 F.3d at 731.

#### a. The Pension Funds' Claims Are Typical

The typicality requirement is satisfied where "other [class] members have the same or similar injury," the action "is based on conduct which is not unique to the named

plaintiffs," and "other class members have been injured by the same course of conduct." *Lomingkit v. Apollo Educ. Grp. Inc.*, No. CV-16-00689-PHX-DLR, 2016 WL 3345514, at *2 (D. Ariz. June 16, 2016) (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)). The Pension Funds satisfy the typicality requirement because, just like all other proposed class members, the Pension Funds seek recovery for the losses on their investments in First Solar common stock that they incurred as a result of Defendants' misrepresentations and omissions. Thus, the Pension Funds' claims arise from the same conduct as those of the other class members and the Pension Funds satisfy Rule 23's typicality requirement. *See id.* (finding typical a movant that purchased the relevant common stock "during the class period at prices artificially inflated by [the defendants'] alleged fraud," and "claims to have suffered financial loss when the stock price plummeted following disclosure").

### b. The Pension Funds Are Adequate

The adequacy element of Rule 23 requires that the Lead Plaintiff "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Thus, the adequacy element is satisfied where: "(1) the proposed lead plaintiff's interests are in common with, and not antagonistic to, those of the class; and (2) proposed lead plaintiff's counsel are qualified, experienced, and generally able to conduct the litigation." *Apollo Educ. Grp.*, 2016 WL 3345514, at *2 (citations omitted).

Here, the Pension Funds are adequate because their interest in aggressively pursuing claims against Defendants is aligned with the interests of other class members who were similarly harmed as a result of Defendants' false and misleading statements. There is no antagonism or potential conflict between the Pension Funds' interests and those of the other members of the class, and the Pension Funds are fully committed to vigorously pursuing the claims on behalf of the class.

Moreover, as set forth in their Joint Declaration, the Pension Funds fully understand the Lead Plaintiff's responsibilities and obligations to the class under the PSLRA, which

include acting as a fiduciary for all class members, conferring with each other and with counsel regarding litigation strategy and other matters, attending court proceedings, depositions, settlement mediations, and hearings as needed, and reviewing and authorizing the filing of important litigation documents, and are willing and able to undertake these responsibilities to ensure the vigorous prosecution of this litigation. *See* Friedman Decl., Ex. C, ¶ 7. Additionally, the Pension Funds are committed to ensuring that this litigation is prosecuted in an efficient and effective manner. Specifically, the Pension Funds have already taken measures to ensure that the claims of the class are vigorously and effectively prosecuted in the best interests of the class. For example, as part of their effort to formalize their oversight of this litigation and before seeking appointment as Lead Plaintiff, representatives of the Pension Funds held a conference call during which they discussed their entities' respective losses, the claims against Defendants, the procedures and protocols the Pension Funds would follow in jointly prosecuting the case, and the measures the Pension Funds would employ to discuss the prosecution of this matter and to ensure that the class's claims will be efficiently and zealously prosecuted. *Id.* ¶ 11. The Pension Funds have also discussed the important of joint decision-making and open communication. *Id.* ¶ 14. As such, Palm Harbor and GPCPF each have dedicated personnel who will oversee this matter and are available to confer both with and without counsel, including on short notice. *Id.* The Pension Funds are already overseeing counsel and have instructed their Proposed Lead Counsel, Kessler Topaz and Labaton Sucharow, to enter into a Joint Prosecution Agreement, which can be provided to the Court for *in camera* review upon request. *Id.* ¶ 17. The Joint Prosecution Agreement, among other things, implements specific protocols to ensure there is no duplication of effort and also requires counsel to keep contemporaneous time records that will be provided to Palm Harbor and GPCPF upon request. *Id.* Through these and other measures, the Pension Funds have ensured that the class will receive the best possible representation. *See Mersho*

*v. U.S. Dist. Ct. for the D. of Ariz.*, 6 F.4th 891, 901 (9th Cir. 2021) (noting that declarations may establish a group's adequacy).

Further, the Pension Funds have demonstrated their adequacy through their selection of Kessler Topaz and Labaton Sucharow to serve as Lead Counsel for the class. As discussed more fully below, Kessler Topaz and Labaton Sucharow are highly qualified and experienced in the area of securities class action litigation and have repeatedly demonstrated their ability to prosecute complex actions in an efficient, effective, and professional manner.

In addition to satisfying the requirements of Rule 23, the Pension Funds, which are sophisticated institutional investors with combined assets under management of more than $1 billion, are precisely the type of investors Congress sought, through the enactment of the PSLRA, to encourage to assume a more prominent role in securities litigation. *See* H.R. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions."). Congress reasoned that increasing the role of institutional investors, which typically have a large financial stake in the outcome of the litigation, would be beneficial because institutional investors with a large financial stake are more apt to effectively manage complex securities litigation. *See id.* at 34-35, 1995 U.S.C.C.A.N. at 733-34. To this end, many courts have recognized that the legislative history reflects a strong preference for institutional investors to be appointed as lead plaintiff in securities class actions. *See Sved v. Matrixx Initiatives, Inc.*, Nos. CIV-04-0886-PHX-MHM, *et al.*, 2005 WL 8158448, at *2 (D. Ariz. Jan. 18, 2005) (noting "the underlying assumption of the PSLRA's lead plaintiff provisions that the greater resources and litigation experience possessed by institutional investors makes them better equipped to serve as lead plaintiffs in securities class actions" (citation omitted)).

In sum, the Pension Funds have demonstrated their willingness, resources, and commitment to working closely with one another to supervise Lead Counsel and obtain the best possible recovery for the class. The Pension Funds are precisely the type of institutional investors that Congress sought to empower as Lead Plaintiff when enacting the PSLRA.

### B. The Court Should Approve the Pension Funds' Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel for the class, subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Cavanaugh*, 306 F.3d at 734 ("[T]he [PSLRA] clearly leaves the choice of class counsel in the hands of the lead plaintiff." (citations omitted)). Courts should not disturb the lead plaintiff's choice of counsel unless it is necessary to protect the interests of the class. *See Cohen v. U.S. Dist. Ct. for the N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009) ("[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice." (citations omitted)). Accordingly, the Pension Funds' selection of Kessler Topaz and Labaton Sucharow as Lead Counsel for the class, and Bonnett Fairbourn as Liaison Counsel for the class should be approved.

Kessler Topaz specializes in prosecuting complex class action litigation and is one of the leading law firms in its field. *See* Friedman Decl., Ex. E. The firm is actively engaged in complex litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors and has obtained record recoveries in those cases, including: *In re Tyco International, Ltd. Securities Litigation*, No. 02-md-1335 (PB) (D.N.H.) ($3.2 billion recovery); *In re Bank of America Corp. Securities, Derivative, & Employee Retirement Income Security Act (ERISA) Litigation*, No. 09-md-2058 (PKC) (S.D.N.Y.) ($2.425 billion recovery); *In re Wachovia Preferred Securities & Bond/Notes Litigation*, No. 09-cv-6351 (RJS) (S.D.N.Y.) ($627 million recovery); and *In re Lehman Bros. Equity/Debt Securities Litigation*, No. 08-cv-5523 (LAK) (S.D.N.Y.) ($615 million recovery). Kessler Topaz is also currently serving as lead or co-lead counsel in several

high profile securities class actions across the country, including: *Sjunde AP-Fonden v. Goldman Sachs Group, Inc.,* No. 18-cv-12084 (VSB) (S.D.N.Y.); *In re Kraft Heinz Securities Litigation*, No. 19-cv-1339 (RMD) (N.D. Ill.); and *Sjunde AP-Fonden v. General Electric Co.*, No. 17-cv-8457 (JMF) (S.D.N.Y.).

Kessler Topaz's commitment to zealous representation is also evident from its trial experience under the PSLRA. Specifically, the firm obtained a rare jury verdict in the class's favor after a week-long trial held in 2014 in *In re Longtop Financial Technologies Ltd. Securities Litigation*, No. 11-cv-3658 (SAS) (S.D.N.Y.)—one of just thirteen securities class actions at the time to reach a verdict since enactment of the PSLRA in 1995 (based on post-enactment conduct). The firm also obtained the largest damage award in Delaware Chancery Court history following a trial before Chancellor Leo E. Strine, Jr. *See In re S. Peru Copper Corp. S'holder Derivative Litig.*, No. 961-CS (Del. Ch.), *aff'd Ams. Mining Corp. v. Theriault*, 51 A.3d 1213, 1262-63 (Del. 2012) (affirming final judgment, with interest, of $2 billion).

Labaton Sucharow has significant experience in prosecuting securities class actions and has excelled as lead counsel in numerous landmark securities class actions throughout the United States on behalf of defrauded investors. Labaton Sucharow served as a lead counsel in *In re American International Group, Inc. Securities Litigation*, No. 04-cv-8141 (S.D.N.Y.), in which it achieved a recovery totaling more than $1 billion for injured investors, secured a $294.9 million recovery in *In re Bear Stearns Cos., Inc. Securities, Derivative, & ERISA Litigation*, No. 08-md-1963 (S.D.N.Y.), in which it served as co-lead counsel, and secured a $117.5 million settlement in *In re Mercury Interactive Corp. Securities Litigation*, No. 05-cv-3395 (N.D. Cal.). In addition, Labaton Sucharow was a lead counsel in *In re Countrywide Financial Corp. Securities Litigation*, No. 07-cv-5295 (C.D. Cal.), which achieved a settlement of $624 million—one of the largest securities fraud settlements arising from the financial crisis of 2007 and 2008, and also secured a $160.5 million settlement as lead counsel in *In re Broadcom Corp. Class Action Litigation*,

1  No. 06-cv-5036 (C.D. Cal.). Labaton Sucharow presently serves as lead and co-lead counsel in several significant investor class actions. *See* Friedman Decl., Ex. F.

Not only are Kessler Topaz and Labaton Sucharow each well-qualified and experienced law firms in their own right, they also have successfully worked together as Lead Counsel in the prosecution of other securities class actions. *See, e.g.*, *In re Satyam Comput. Servs. Ltd. Sec. Litig.*, No. 09-md-2027 (S.D.N.Y.) ($150 million recovery for class); *In re NII Holdings, Inc. Sec. Litig.*, No. 14-cv-227 (E.D. Va.) ($41.5 million recovery for class); *In re Acuity Brands, Inc. Sec. Litig.*, No. 18-cv-2140 (N.D. Ga.) (preliminarily settled for $15.7 million).

In addition, Bonnett Fairbourn has substantial experience litigating complex actions and is well qualified to represent the class as Liaison Counsel. *See* Friedman Decl., Ex. G.

Thus, the Court may be assured that by granting this Motion, the class will receive the highest caliber of legal representation.

## IV. CONCLUSION

For the reasons discussed above, the Pension Funds respectfully request that the Court appoint them as Lead Plaintiff, approve their selection of Kessler Topaz and Labaton Sucharow as Lead Counsel for the class, and Bonnett Fairbourn as Liaison Counsel for the class, and grant any such further relief as the Court may deem just and proper.

Dated: March 8, 2022        Respectfully submitted,

*s/ Andrew S. Friedman*
Andrew S. Friedman (005425)
Kimberly C. Page (022631)
**BONNETT FAIRBOURN FRIEDMAN**
  **& BALINT, PC**
2325 East Camelback Road, Suite 300
Phoenix, AZ 85016
Telephone: (602) 274-1100
afriedman@bffb.com
kpage@bffb.com

*Proposed Liaison Counsel for the Class*

**KESSLER TOPAZ
   MELTZER & CHECK, LLP**
Naumon A. Amjed
   (*pro hac vice* app. forthcoming)
Darren J. Check
   (*pro hac vice* app. forthcoming)
Ryan T. Degnan
   (*pro hac vice* app. forthcoming)
Karissa J. Sauder
   (*pro hac vice* app. forthcoming)
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
namjed@ktmc.com
dcheck@ktmc.com
rdegnan@ktmc.com
ksauder@ktmc.com

**LABATON SUCHAROW LLP**
Christopher J. Keller
   (*pro hac vice* app. forthcoming)
Eric J. Belfi
   (*pro hac vice* app. forthcoming)
Francis P. McConville
   (*pro hac vice* app. forthcoming)
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
ckeller@labaton.com
ebelfi@labaton.com
fmcconville@labaton.com

*Attorneys for Palm Harbor Special Fire Control & Rescue District Firefighters' Pension Plan and Greater Pennsylvania Carpenters' Pension Fund, and Proposed Lead Counsel for the Class*